In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-235 CR


____________________



TONIA LANDRY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 83596






O P I N I O N


 Without benefit of a plea bargain agreement, Landry pleaded guilty to the felony
offense of injury to a child. See Tex. Pen. Code Ann. § 22.04 (Vernon Supp. 2002). 
Landry was convicted and sentenced to twenty years' confinement in the Texas Department
of Criminal Justice, Institutional Division. 

 After Landry perfected appeal to this Court, her appellate counsel filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967)
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), concluding there was no
arguable error to support an appeal. Landry then filed a pro se brief, and brings two
issues on appeal.

 In her first issue, she asserts the indictment was defective as it failed to include the
element of "recklessly" causing injury to a child. However, Landry is wrong about the
wording of the indictment. The wording for count two of the indictment, the one to which
Landry pleaded guilty, alleged that Landry did "recklessly cause serious bodily injury to
[Complainant], a child not older than fourteen years of age . . . by shaking and squeezing
Complainant with her hand."(Emphasis added). Issue one is overruled.

 In her second issue, Landry contends she received ineffective assistance of counsel.
In order for Landry to prevail on her ineffective assistance of counsel claim, she must
show both deficient conduct and prejudice. In other words, she must demonstrate that her
attorney's performance fell below an objective standard of reasonableness under prevailing
professional norms and that there is a reasonable probability that but for counsel's
ineffectiveness, the result would have been different. See Strickland v. Washington, 466
U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong
presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Allegations
of ineffectiveness "must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness." Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999). 

 Landry makes several complaints about defense counsel. She maintains defense
counsel failed to object to the reading of the defective indictment. However, as explained
above, the indictment was not defective and further the record shows that reading of the
indictment was waived. Landry also asserts her attorney failed to ensure that she was
sentenced for a state jail felony under Texas Penal Code section 22.04 (f). However,
section 22.04 (f) only applies to offenses under subsection 22.04 (a)(3), which concerns
conduct causing "bodily injury." See Tex. Pen. Code Ann. § 22.04 (Vernon Supp.
2002). And Landry was indicted under section 22.04 (a)(1) which concerns conduct
causing "serious bodily injury." (Emphasis added).

 Landry also complains of matters not found in the record. She alleges her defense
counsel failed to investigate or prepare her case properly, failed to inform her of the
consequences of her guilty plea, and failed to inform her she could receive the maximum
sentence. (1)

 Absent an evidentiary hearing in which defense counsel is provided the opportunity
to explain his actions, and in which Landry is able to fully develop evidence supporting
her claim of ineffective assistance, Landry cannot overcome the presumption that counsel
rendered reasonably effective assistance. Moreover, Landry does not establish that but for
counsel's conduct, the result would have been different. Issue two is overruled.

 We have reviewed the clerk's and reporter's records and find no arguable error
requiring us to order appointment of new counsel. Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991). Accordingly, we affirm the trial court's judgment.

 AFFIRMED.

 ________________________________

 DON BURGESS

 Justice


Submitted on July 12, 2002 

Opinion Delivered July 24, 2002

Do not publish


Before Walker, C.J., Burgess, and Gaultney, JJ.

1. The trial court properly admonished Landry when she entered her guilty plea, and
explained the range of punishments. Landry also signed written admonishments.